**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**VIVIAN JANET BOWMAN**                                            **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 3:10CV-537-H**

**DAVID MASDON** *et al.*                                           **DEFENDANTS**

## MEMORANDUM OPINION

By Order entered December 3, 2010, the Court directed Plaintiff Vivian Janet Bowman to resubmit her complaint using the Court's approved general complaint form. Plaintiff was given thirty days to comply. She was warned that failure to comply would result in dismissal of this action.

Pursuant to Local Rule 5.2, the Court can require *pro se* litigants to use its forms. Although courts should construe the pleadings of a *pro se* litigant liberally, it is within a court's discretion to require *pro se* litigants to use its pre-approved forms. *See Daily v. Municipality of Adams County*, 117 F. App'x 669, 672 (10th Cir. 2004). Federal Rule of Civil Procedure 83 allows local rules imposing form requirements to be enforced unless the failure to comply is "nonwillful." Fed. R. Civ. P. 83(a)(2).

While federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d

413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, Plaintiff's failure to comply with the Court's Order shows a failure to pursue her case that is willful. Therefore, by separate Order, the Court will dismiss the instant action.

Date:

cc: Plaintiff, *pro se*
4412.008